### STUBER et v. MACKENZIE et.

Ohio Appeals, 3rd Dist., Allen Co.

No. 489. Decided May 4, 1928.

**First Publication of This Opinion**

Syllabus by Editorial Staff.

726. LIQUIDATED DAMAGES—297. Contracts.

Where liquidated damages are provided for in a contract, as compensation for breach upon part of one party, they are the measure of damages, and no other recovery may be had by the complaining party.

Error to Common Pleas.

Judgment reversed.

B. F. Welty, Lima, for Stuber et.
Mackenzie & Weadock, Lima, for Mackenzie et.

**FULL TEXT.**

Before Judges Crow, Hughes and Justice.
HUGHES, J.

On the 20th day of January, 1925, the defendants purchased from the plaintiffs by written contract of sale, real estate situated in the City of Lima, Ohio. The contract provided for a down payment, and thereafter, monthly payments until the full contract price, with interest, was paid.

The down payment and some other payments were made by the defendants, but eventually default was made in the monthly payments for several months after they became due, and the plaintiffs, by virtue of one of the terms of the contract, exercised their option to declare all the balance of the monthly payments due and payable and brought suit to recover the balance of the purchase price, with interest.

The defendants, under and by virtue of another clause in the contract, tendered back the

possession of the real estate and sought to avoid any further payments under the contract.

A recovery was had by the plaintiffs, and error is here prosecuted.

There are two clauses in the contract for our consideration. The first, under which the option of the plaintiffs was exercised, reads as follows:

"It is expressly agreed by and between the parties to this agreement that if any one of said installments or the interest accrued thereon, shall not be paid within one. month after falling due, then all of said installments remaining unpaid shall at once become due and payable at the election of the first party."

The second clause, which immediately follows the above quoted clause, and under which the defendants seek to avoid any further payments under the contract, after a tender back of the property, reads as follows:

"In such event said second party agrees to yield up to said first-party quiet and peaceful possession of said real estate, and the payments and improvements on said real estate shall be taken and considered as a fair rental for the use and occupation of said real estate and as liquidated and stipulated damages for the breach of this contract on· the part of the second party and shall not be accounted for by said first party."

There is no other clause in the contract that provides for a recovery of the purchase money in the event of a default in the payment as above indicated, after the first party elects to declare them all due and payable.

By the contract under which both parties to this suit are claiming and asserting their rights, plaintiffs were given an option to declare due and payable, all overdue installments if the default in payment has continued for a period of one month. This election was made on such default, by the plaintiffs. Their rights were then determined by the contract, which provided that in such event second party shall yield up the quiet and peaceful possession of the real estate which was tendered back by the defendants. In this event the terms of the contract provided that all payments and improvements on the property, and the property itself, shall be retained by the plaintiffs and it shall be considered as liquidated and stipulated damages for the breach of the contract on the part of the defendants. Neither party to this action even suggests that this provision is to be considered as a penalty.

Where liquidated damages are provided for in a contract as compensation for a breach upon the part of one party, they are the measure of damages, and no other recovery may be had by the complaining party to the contract. Hence, plaintiffs, having elected under this clause of the contract to declare all unpaid installments due and payable, the defendants were therefore entitled to return the property and be exonerated from any further liability thereunder.

The judgment of the court below is therefore reversed and final judgment entered in favor of the defendants.